795 A.2d 284 (2002)
350 N.J. Super. 313
Annabelle CRIPPEN, Administratrix ad Prosequendum and General Administratrix of the Estate of Harold Crippen, Deceased, Plaintiff-Appellant,
v.
CENTRAL JERSEY CONCRETE PIPE COMPANY, and Gallo Industries, Inc., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 2001.
Decided July 5, 2001.
Remanded March 6, 2002.
Submitted April 1, 2002.
Decided April 19, 2002.
Javerbaum Wurgaft Hicks & Zarin, Springfield, for appellant (Robert G. Hicks, on the brief).
McElroy, Deutsch & Mulvaney, Morristown, for respondents (Michael J. Marone, of counsel, William T. McElroy, on the brief).
Before Judges PETRELLA and BAIME.
Remanded by the Supreme Court March 6, 2002.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
This appeal comes to us after a grant of certification, 171 N.J. 440, 794 A.2d 179 (2002), and summary remand from the Supreme Court to reconsider our prior holding in Crippen v. Central Jersey Concrete Pipe Co., 342 N.J.Super. 65, 775 A.2d 716 (App.Div.2001), in light of Laidlow v. Hariton Machinery Co., Inc., 170 N.J. 602, 790 A.2d 884 (2002). We have reconsidered our prior decision and adhere to it. Accordingly, we again affirm.
In Crippen, supra, 342 N.J.Super. 65, 775 A.2d 716, we affirmed the grant of summary judgment in favor of defendant Central Jersey Concrete Company (Concrete Pipe) in a claim based on the Workers' Compensation Act, N.J.S.A. 34:15-8, *285 arising out of the death of Harold Crippen, husband of plaintiff Annabelle Crippen, Id. at 68, 775 A.2d 716. Relying on Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 501 A.2d 505 (1985), we found that in the absence of an employer's deliberate intent to injure, demonstrated by showing either, "an actual intent to injure or by knowingly exposing the employee to a risk that is substantially or virtually certain to result in injury or harm," 342 N.J.Super. at 73, 775 A.2d 716 (citing Millison, supra, 101 N.J. at 178, 501 A.2d 505), a plaintiff could not establish an intentional wrong necessary to overcome the exclusive remedy provision of the Workers' Compensation Act. Id. at 72, 775 A.2d 716. There was no evidence in the record that, despite repeated citations by the Occupational Safety and Health Administration (OSHA), an injury or death was virtually or substantially likely to occur. Id. at 74, 775 A.2d 716. This finding was based on a lack of injuries or accidents at Concrete Pipe in connection with the material hopper. Furthermore, there we concluded that Millison did not create a per se rule that misrepresentations to OSHA constitute an intentional wrong for separate third party tort liability purposes. Id. at 75, 775 A.2d 716. Hence, the result in this case would have been the same had we not even cited Laidlow v. Hariton Machinery Co., Inc., 335 N.J.Super. 330, 762 A.2d 311 (App.Div.2000), which was subsequently reversed.
In Laidlow, supra, 170 N.J. 602, 790 A.2d 884, the Supreme Court interpreted Millison, supra, 101 N.J. 161, 501 A.2d 505, and concluded that a lack of prior accidents will not prevent a finding of substantial certainty. Id. at 621, 790 A.2d 884. However, the deliberate and systematic deceptions to OSHA that a milling machine was well-guarded would support a finding of substantial certainty. Id. at 622, 790 A.2d 884. The essential holding of Millison that requires a showing first that the employer knows his actions are substantially certain to result in injury or death to an employee, and second that the resulting injury is either more than a fact of industrial employment or plainly beyond anything the Legislature intended to immunize, was approved by Laidlow. Id. at 617, 790 A.2d 884.
Laidlow does not alter our prior analysis. Although a lack of prior accidents is not dispositive, in Laidlow, there were several "close calls," alerting the employer of the potential hazards of the unguarded milling machine. There were no reported incidents with the material hopper in the present case. In addition, Concrete Pipe had taken some steps towards curing the safety hazards identified by OSHA. In Laidlow, the employer had removed safety devices from the milling machine, with knowledge that several workers had come close to being injured, but "the only time the guard was ever activated ... was whenever OSHA inspectors came." Id. at 621, 790 A.2d 884. The extreme circumstances in Laidlow are not present here and summary judgment was properly granted.
We reaffirm our earlier decision.